## Chicago, Peoria & St. Louis Railway Company v. Joseph Doyle.

1. CONTRIBUTORY NEGLIGENCE—*when established.* Held, from the particular evidence in this case, that the plaintiff was guilty of negligence contributing to the injury which resulted by reason of his falling down the stairway of the office building of the defendant.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Reversed with finding of facts. Opinion filed March 17, 1905.

C. W. TERRY, for appellant; THOMAS WILLIAMSON and WILSON, WARREN & CHILDS, of counsel.

WEBB & WEBB, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee brought suit against appellant in the Circuit Court of St. Clair county for injuries received in falling down a stairway in the office building of the appellant, situated in the city of East St. Louis, Illinois. The declaration consists of four counts, to which the defendant pleaded not guilty. Upon the issues thus formed the case was tried

by a jury and resulted in a verdict for the plaintiff for $3,000. Defendant moved for a new trial, which was overruled and judgment entered on the verdict, from which defendant appealed.

We accept appellee's statement of the issues made by the pleadings, that is, "that the gist of the first, third and fourth counts of the declaration is that the doors were hung *too close* to the edge of the landing and that to so hang and use them in that condition was impracticable, unsafe and dangerous, and not consistent with good architecture. The gist of the second count is that the stairway was not sufficiently illuminated or lighted." Prior to and at the time of the injury appellant company operated a line of railroads with the termini, yards, switches and freight office along the river front in East St. Louis. The office building is in a line north and south fronting west toward the river. The office of the cashier and chief clerk is on the ground floor, and is reached by a stairway leading from the entrance at the south end of the west front of the building. From the entrance south and next to the west wall of the building, a flight of twelve steps leads to a landing, and from this landing east another flight of nine steps leads to the cashier's offices. Near the south edge of the landing at the head of the first flight of steps, swinging doors are hung to open either way in passing through them up or down. The steps are six feet long, 11½ inch tread, and 10 inch rise. The stairway is enclosed with a partition above the swing doors. The lower flight of steps is lighted by a window three feet six inches by two feet nine inches in the south wall. Appellee went to the office the 3rd and 4th of December and made at least one visit the 5th, prior to the accident, each time going up and down over this stairway, and through these swinging doors. The facts are undisputed, saving that appellee testifies that he did not notice the doors until the day he fell. In the view we take of the case it will not be necessary to consider or discuss other errors assigned than that relating to the denial of the motion for a peremptory instruction, and the refusal of the

C., P. & St. L. Ry. Co. v. Doyle.

court in giving the same. There is no evidence in the rec-
ord tending to prove either that the appellant was guilty of
negligence which was the proximate cause of the injury, or
that appellee was in the exercise of ordinary care for his
own safety. The swinging doors, and their location near
the edge of the landing, seem to be the chief ground of com-
plaint as the alleged cause of appellee's mishap; and yet in
his account of what occurred, and the manner of his fall,
it does not appear that he miscalculated in his movement
to descend from the landing, or that by reason of the door
he in any way acted differently from what he would have
done had no door been there. The evidence does not sup-
port the inference stated by counsel in argument, that
"thinking the level surface of the landing extended beyond
the doors he stepped off and fell to the bottom." On direct
examination appellee testifies that when the doors were
opened he "was going to step down on the next step," and
we find nothing in the abstract or record to supplement or
extend this account of how and why the appellee was made
to fall. To say that it was due to the doors or insufficient
light is purely conjectural, and without evidence to support
the statement. The fact that the doors were there, and that
appellee missed his footing and fell, is not proof that the
doors caused the fall. There was conflict of evidence as to
the sufficiency of light in the stairway, and also as to the
condition of appellee, whether drunk or sober, when de-
scending the stairs, and it may fairly be contended that the
verdict is conclusive of these questions. We forbear further
comment beyond the suggestion that the number, size and
location of the window openings, indicate sufficient light,
and that the evidence and circumstances tend strongly to
prove that appellee was intoxicated and that his fall was
due to his condition in that respect. Whatever the facts
respecting the sufficiency of light and the condition of
the appellee, it is clear and conclusive from the undis-
puted evidence, that he was not in the exercise of ordi-
nary care for his own safety. He was familiar with
the stairway by recent and frequent use. He knew its con-

dition with reference to the light. He knew the doors, their construction, use and location on the landing at the head of the lower flight of steps. In going down the day that he was injured, he knew that the steps descended from the folding doors, and when he pushed them open he knew that steps were in front of him, and for light the unobstructed window in the south wall seems to have been sufficient. Whether sufficient or not, appellee was acquainted with every circumstance and detail of the situation, or in the exercise of reasonable care should have known it, and in either case, he is barred a recovery in this action. It is therefore held that the court should have instructed the jury to find the defendant not guilty, and that it was error to refuse such instruction. The judgment will be reversed with a finding of facts.

<em>Reversed, with finding of facts.</em>

We find as facts, to be incorporated in the judgment of the court:

1st. That the negligence alleged and proved was not the proximate cause of the injury.

2nd. That appellee was not in the exercise of ordinary care before and at the time of the injury, and that he was guilty of negligence which contributed to the injury.